# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**CURTIS WILLIAMS**     **PETITIONER**

v.     **No. 2:09CV78-M-S**

**ATTORNEY GENERAL OF THE
STATE OF MISSISSIPPI, ET AL.**     **RESPONDENTS**

## MEMORANDUM OPINION

Curtis Williams, an inmate confined to the Mississippi Department of Corrections, seeks federal habeas corpus relief under 28 U.S.C. § 2254. He challenges his conviction and sentence in the Circuit Court of DeSoto County, Mississippi. For the reasons set forth below, the petition for a writ of habeas corpus will be denied.

### Fact and Procedural Posture

On October 10, 2006, Curtis Williams was convicted in the Circuit Court of DeSoto County, Mississippi of Burglary of a Building and Grand Larceny. On October 30, 2006, Williams was sentenced as a habitual offender to serve seven years on the burglary count and five years for the larceny count, all in the custody of the Mississippi Department of Corrections. The sentences run consecutively. State Court Record ("SCR"), Vol. 1, p. 88-89.

Williams appealed his convictions and sentences to the Mississippi Supreme Court, raising the following issues (through counsel):

1. The evidence was insufficient to sustain the jury's verdict of guilty to the charge of grand larceny.

2. The photo lineup by which the appellant was originally identified was overly suggestive so as to taint the court identification.

On April 15, 2008, the Mississippi Court of Appeals found no merit to these issues and

affirmed the judgments of the Circuit Court. *Williams v. State,* 994 So.2d 821 (Miss. App. 2008) *reh'g denied* August 26, 2008, *cert denied* Nov. 20, 2008 (2007-KA-00143-COA). On February 2, 2009, Williams filed a motion for Post-Conviction Relief ("PCR") in the Mississippi Supreme Court, assigning as error the following (*pro se*):

1. Ineffective assistance of counsel: failure to object to the court's not giving him a bifurcated trial.

2. Ineffective assistance of counsel: failure to object to the state's not presenting a certified pen-pack copy to prove him as a habitual offender under § 99-19-81 as due process and the rules of evidence dictate.

3. Denial of constitutional right to speedy rial, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

On March 4, 2009, the Mississippi Supreme Court denied this motion, holding that "Williams' argument that his right to a speedy trial was violated is procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1). Said claim was capable of being raised at trial or on direct appeal." *See* Misc. Pleading, Cause No. 2009-M-00181. The court also held that Williams' ineffective assistance of counsel claims did not meet the requirements set out in *Strickland v. Washington*.

On April 20, 2009, Williams applied for a writ of habeas corpus in this court. He alleges the following (as stated by Petitioner):

1. Petitioner was denied effective assistance of counsel, in violation of the sixth amendment to the United States constitution. ... [At JNOV hearing] counsel did not specifically state the grounds for his motion to sufficiently preserve the trial court's ruling for direct appeal and resulted in a procedural default against petitioner.

2. Petitioner was denied effective assistance of counsel, in violation of the sixth amendment to the United States constitution. ... Appellate counsel [failed to raise on direct appeal] claim of ineffective assistance of trial counsel for failure to object at trial regarding the value of stolen property.

3. Petitioner was denied his right to a speedy trial, in violation of the 5th and 14th Amendment[s] to the United States constitution.

**Discussion**

Williams raised the third claim, which states that his Fifth and Fourteenth Amendment rights were violated, in his Motion for state post-conviction collateral relief. The Mississippi Supreme Court held this claim to be procedurally barred, therefore precluding its review by this federal court. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the stated procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). The Mississippi Supreme Court found Williams' third claim procedurally barred under Miss. Code Ann. § 99-39-21(1) on the basis that this claim could have been raised at trial or on direct appeal.

Mississippi Code Annotated § 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar applied to Williams' issue in state court depends on "whether Mississippi has strictly or regularly applied it." *Id.* (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). However, Williams must demonstrate "that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the Petitioner himself." *Id.* Williams has not proved "inconsistent and irregular" application of this bar and has, therefore, defaulted his federal claims in state courts pursuant to an independent and adequate state procedural rule. *Id.* at 861.

In order to receive federal *habeas corpus* review of procedurally defaulted claims, Williams must demonstrate "'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Coleman*, 501 U.S. at 749-50 (internal citations omitted).

> Federal habeas review is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state

> procedural rule, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider his claims will result in a fundamental miscarriage of justice.

*Id*. at 751.

"[T]here must be something external to the Petitioner . . . that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. Williams has shown neither cause for his default nor prejudice arising from its application.

The final means of avoiding a procedural bar is the fundamental miscarriage of justice exception. *Lott v. Hargett*, 80 F.3d 161, 166 (5th Cir. 1996) (quoting *Coleman*, 501 U.S. at 751). The fundamental miscarriage of justice exception is confined to cases of actual innocence, "where the Petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the probability that Williams was actually innocent, he must support his allegations with new, reliable evidence that was not presented at trial and must show it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). Therefore, habeas relief cannot be granted with respect to the allegations in the third claim of the instant petition.

Williams' first and second claims are also procedurally barred. While he touches on the issue of ineffective assistance of appellate counsel in his application for post-conviction collateral relief , he does not assert the first or second claims raised in the instant petition. Because these are new grounds which have not been reviewed by the Mississippi appellate courts, they have not been exhausted. Exhaustion of all claims in state court is a prerequisite to federal *habeas corpus* relief under 28 U.S.C. § 2254. *Sterling v. Scott*, 57 F.3d 451, 53 (5th Cir.), *cert. denied*, 116 S.Ct. 115 (1996) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion rule requires a petitioner to have presented the substance

of his claims to the state's highest court. *Sones v. Hargett*, 61 F.3d 410, 414-415 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). This doctrine gives state courts the first opportunity to review federal constitutional issues and correct any errors made by the trial courts, thus minimizing friction between the federal and state systems of justice. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518) (citations omitted). Williams failed to pursue appellate review of these claims to a judgment in the state's highest court, waiving his ability to have that court review his claim on the merits. Because Williams defaulted his first and second claims, this Court is now precluded from reviewing them.

Williams cannot show cause under the cause and prejudice test because he has not shown that an external impediment existed to prevent him from raising and discussing the claim as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Without cause, there is no need for this Court to determine whether prejudice will arise from application of this bar.

Finally, the failure of this Court to consider Williams' first and second claims will not result in a "fundamental miscarriage of justice." *See Martin, supra.* As stated above, the fundamental miscarriage of justice exception is confined to cases of actual innocence. Williams has not shown new, reliable evidence that was not presented at trial which would show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman, supra* at 644. Williams has neither alleged nor proved that he is actually innocent of the crimes of his conviction. As such, his grounds for relief in the present petition will be dismissed as procedurally barred.

## Conclusion

Curtis Williams did not pursue the first and second claims in his petition for habeas corpus relief to conclusion in the Mississippi Supreme Court; thus they are procedurally defaulted. Moreover,

the Mississippi Supreme Court found his third claim procedurally barred, so this court is precluded from reviewing it. Williams has not shown that an external impediment prevented him from pursuing his first and second claims to a judgment in the state's highest court. Williams cannot show cause under the cause and prejudice test necessary to permit this court to reach the merits of any of these claims despite the procedural bar. Furthermore, there will be no fundamental miscarriage of justice if Williams' claims are not heard on the merits because he has not presented any proof of his actual innocence. Accordingly, the court denies federal habeas corpus relief, and the instant petition will be dismissed with prejudice.

**SO ORDERED,** this the 10th day of June, 2010.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**